BERWIND and others *v.* SCHULTZ and others.[1]

*(Circuit Court S. D. New York. June 25, 1886.)*

SHIPS AND SHIPPING — LIABILITY OF VESSEL OWNERS — RECEIPTED BILL — ESTOPPEL—MISREPRESENTATIONS OF AGENT.

An advance made by the owner of a vessel to his own agent, to reimburse him for an alleged payment of a material-man's bill, does not estop the latter from prosecuting his claim against the former, unless his connection with the misrepresentation of the agent can be shown. A receipted bill in the hands of the agent, not shown to his principal, and who was not misled thereby, does not work as an equitable estoppel.

In Admiralty. Appeal from Southern district of New York. Reported 25 Fed. Rep. 912.

The libelants, who were material-men, brought suit against the owner of a vessel for supplies furnished at the request of his agent. Before payment the libelants receipted the account, and the debtor made an advance to his agent under the supposition that the bill had been previously paid. The libel was dismissed by the district court on the ground that the circumstances constituted an equitable estoppel.

*Wilcox, Adams & Macklin,* for libelants and appellants.

*James K. Hill, Wing & Shoudy,* for respondents and appellees.

WALLACE, J. The learned district judge was of the opinion that the libelants did not furnish the supplies for the Katie upon the credit of the agents for the owners, and would have been entitled to resort to the owners personally for payment had it not been for an estoppel in consequence of an advance made by the owners to their agents upon the faith of a receipted bill signed by the libelants, indicating that they had received payment of their demand in full from the agents. The conclusion that the owners were originally liable for the coal furnished to the ship by the libelants is approved; but the facts do not justify the application of an estoppel. It is true that the libelants had receipted the account, and delivered it to the agents for the respondents, on November 17th, the day upon which the respondents made the advance of £1,000 to the agents. It is also the fact that the agents led their principals to suppose, before the advance was made, that the libelants' demand had been paid. But there is no evidence that the libelants authorized such a representation to be made, or expected that it would be made, and none to show that the receipted bill was seen by the respondents until a day subsequent to the advance. The Katie sailed on November 18th, and it was after this that the vouchers for the ship's account were delivered to Mr. Schultz. The case is one, therefore, where the principal has been misled by the misrepresentation of his agent. The respondents were

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

not misled by any act or representation of the libelants. If they had made the advance upon the faith of the receipted bill, the libelants would be estopped.

The decree of the district court is reversed, and a decree ordered for the libelants for $1,472.5), with interest from November 24, 1884, with costs of the district court, and of this court.